UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| HARLEYSVILLE WORCESTER INSURANCE COMPANY 355 Maple Avenue Harleysville, Pennsylvania 19438-2222 Plaintiff, v. TANYA INVESTMENTS, LLC 11612 Olde Covington Way Glen Allen, Virginia 23059 <u>Serve</u>: Iqbal K. Virani, Registered Agent 11612 Olde Covington Way Glen Allen, Virginia 23059 Defendant. | Case No. 3:22-cv-00594 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Harleysville Worcester Insurance Company ("Harleysville" or "Plaintiff"), by counsel, pursuant to 28 U.S.C. § 2201, Rule 57 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern District of Virginia, states as follows for its Complaint for Declaratory Judgment against the defendant, Tanya Investments, LLC ("Tanya" or "Defendant").

## PARTIES

1.      Plaintiff Harleysville is an insurance company formed and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in Harleysville, Pennsylvania.  Harleysville is, therefore, a citizen of the Commonwealth of Pennsylvania and is not a citizen of the Commonwealth of Virginia. Harleysville submits itself to the jurisdiction of

this Court.

2.      Defendant Tanya is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in Glen Allen, Virginia.  One member of Defendant Tanya is Iqbal K. Virani, who resides in Glen Allen, Virginia. Upon information and belief, all members of Defendant Tanya are residents and citizens of the Commonwealth of Virginia    Tanya, therefore, is a citizen of the Commonwealth of Virginia. Alternatively, upon information and belief, no member of Tanya Investments, LLC is a citizen of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      The venue of this action is properly predicated on 28 U.S.C. § 1391, 28 U.S.C. §127, and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia, in that jurisdiction is founded on diversity of citizenship and this action is brought in the judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred, in which the Defendant resides or does business, and/or in which the Defendant is subject to personal jurisdiction, including the delivery of the relevant Insurance Contract by Harleysville to Tanya at its policy address and principal office, 11612 Olde Covington Way, Glen Allen, Virginia, 23059, and the location of Tanya's member and registered agent, Iqbal K Virani, 11612 Olde Covington Way, Glen Allen, Virginia, 23059.

5.      Additionally, Luvi Stations, Inc. ("Luvi") and Saul Vidal Pardo ("Pardo") have filed an ongoing Action against Tanya in the Circuit Court for the County of Henrico, Virginia,

Case No. CL22cv2391 (the "Underlying Action").  This Declaratory Judgment Action relates directly to the Underlying Action, in that Tanya has requested that Harleysville provide a defense and, if applicable, indemnification to Tanya arising out of the Underlying Action.  Harleysville is defending Tanya in the Underlying Action under a full and complete reservation of rights.

## BACKGROUND

1.      Harleysville issued a contract of commercial insurance to Tanya Properties, Inc., bearing policy number SPP0000008540BJ, effective from October 1, 2020, through October 1, 2021, including in relevant part, a Commercial General Liability Coverage Part (the "Insurance Contract").

2.      The Insurance Contract was renewed for the policy period from October 1, 2021, through October 1, 2022.

3.      The Insurance Contract includes a Named Insured Schedule (Form GU-7008 (Ed. 4-16), which includes a number of additional Named Insureds, including the Defendant, Tanya Investments, LLC, the Defendant in this Declaratory Judgment Action.

4.      A true, accurate, and complete copy of the Insurance Contract for the 2020-2021 policy period is attached as **Exhibit 1** and is incorporated by reference as if fully restated herein.

5.      A true, accurate, and complete copy of the Insurance Contract for the 2021-2022 policy period is attached as **Exhibit 2** and is incorporated by reference as if fully restated herein.

6.      Luvi and Pardo filed a Complaint in the Underlying Action (the "Underlying Complaint") on or about April 14, 2022.[1]

---

[1] The Civil Cover Sheet and letter attached to the Underlying Complaint that Luvi and Pardo sent to the Henrico County Circuit Court was dated March 31, 2022.  However, the Henrico County Circuit Court records reflect that the Complaint was filed on April 14, 2022.  Accordingly, this Complaint for Declaratory Judgment alleges the date of filing from the Circuit Court's official records.

7.      A true, accurate, and complete copy of the Underlying Complaint is attached as **Exhibit 3** and is incorporated by reference as if fully restated herein.

8.      Luvi and Pardo served the Underlying Complaint upon Tanya on or about April 21, 2022.

9.      Tanya, by and through its corporate counsel, filed responsive pleadings to the Underlying Complaint, which were filed on or about April 25, 2022.

10.     After filing its responsive pleadings, and by notice dated April 25, 2022, Tanya provided notice to Harleysville of the Underlying Action and requested that Harleysville provide a defense to Tanya in the Underlying Action.

11.     Tanya did not provide notice to Harleysville of the facts giving rise to the Underlying Complaint prior to its notice of the Underlying Action on April 25, 2022.

12.     The Underlying Complaint alleges that Luvi and Pardo are seeking damages in the amount of $400,000.00 in compensatory damages and $350,000.00 in punitive damages allegedly as a result of fraud, constructive fraud and conversion on the part of Defendant Tanya.

13.     The Underlying Complaint alleges that Tanya acted, in part, by and through Pollard & Bagby, Inc. ("Pollard & Bagby"), as Tanya's "public agent with respect to the Property." Underlying Complaint, ¶4.

14.     Pollard & Bagby, though alleged to have acted on Tanya's behalf as its agent, is not named as a defendant in the Underlying Action.

15.     The Underlying Complaint (see **Exhibit 3**) describes the facts upon which the Underlying Action is based, and states in part as follows:

> 5.      *On or about March 15, 2021, Levi entered into a Lease Agreement with Tanya.*

6. *Pardo entered into the Lease Agreement as Luvi's guarantor.*

7. *Prior to execution of the Lease Agreement, Tanya, by and through its owner, Iqbal K. Virani ("Virani") and its agent, Pollard & Bagby, made material misrepresentations regarding the condition of the Property and, more specifically, its fuel dispensing system.*

8. *Specifically, Virani and Pollard & Bagby represented to Plaintiff's [sic] that the fuel system had no leaks and was up-to-date and ready for use should Luvi lease the Property.*

9. *Per the Lease Agreement, Luvi was to take possession of the Property on April 1, 2021.*

10. *Unknown to Luvi, but known to Tanya, the fuel dispensing system was required to be upgraded to provide for credit card chip readers at the pumps no later than April 1, 2021.*

11. *Unknown to Luvi, but known to Tanya, at least one fuel tank had a leak, causing the fuel delivery system to pump so slowly as to be non-functional.*

12. *Despite its legal requirement to report such fuel tank leaks to the Virginia Department of Environmental Quality, Tanya failed to do so.*

13. *The representations made by Tanya and Pollard & Bagby to plaintiffs about the fuel delivery system were material to plaintiffs' decision to enter into the Lease Agreement.*

14. *The representations made by Tanya and Pollard & Bagby to plaintiffs about the fuel delivery system were false when made.*

15. *Tanya and Pollard & Bagby knew the representations made by Tanya and Pollard & Bagby to plaintiffs about the fuel delivery system were false when they made them.*

16. *Alternatively, Tanya and Pollard & Bagby thought that he [sic] representations made by Tanya and Pollard & Bagby to plaintiffs about the fuel delivery system were true when, in fact, they were false when made.*

> 17.    *Plaintiffs reasonably relied on the representations made by Tanya and Pollard & Bagby.*
>
> 18.    *But for the representations made by Tanya and Pollard & Bagby to plaintiffs about the fuel delivery system, plaintiff's [sic] would not have entered into the Lease Agreement.*

See **Exhibit 3.**

16.    Harleysville issued a Coverage Position and Reservation of Rights Letter to Tanya dated May 3, 2022, which advised Tanya that the Insurance Contract might not provide any insurance benefits to Tanya in connection with the Underlying Action or the facts giving rise to the Underlying Action.

17.    Additionally, in its May 3, 2022 letter, Harleysville notified Tanya that Harleysville would provide a defense to Tanya in the Underlying Action under its continuing reservation of rights under the Insurance Contract and applicable law.

18.    Harleysville has been providing, and continues to provide, a defense to Tanya in the Underlying Action.

## THE INSURANCE CONTRACT

19.    The Insurance Contract provides, in relevant part, commercial general liability insurance pursuant to the terms, conditions, limitations, exclusions, definitions, and other provisions of the Insurance Contract.

20.    The Insurance Contract provides limits of liability of $1,000,000.00 for each "occurrence." **Exhibit 1**, Commercial General Liability Coverage Part Declarations, Form CG-7274 (Ed. 4-16), p. 1 of 1, issued 09/22/2020; **Exhibit 2**, Commercial General Liability Coverage Part Declarations, Form CG-7274 (Ed. 4-16), p. 1 of 1, issued 07/09/2021.

21.    The Insurance Contract provides limits of liability of $1,000,000.00 for "Personal

and Advertising Injury" (any one person or organization).  Id.

22.    The Insurance Contract defines the term "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." **Exhibit 1** and **Exhibit 2**, Commercial General Liability Coverage Form, Form CG 00 01 12 07, p. 14 of 16.

23.    The Insurance Contract states as follows, in relevant part, with respect to the insuring agreement between Harleysville and Tanya as to "Coverage A Bodily Injury and Property Damage Liability:"

    *1.*    ***Insuring Agreement***

        ***a.***    *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:*

            *(1)*    *The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance: and*

            *(2)*    *Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.*

            *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.*

**b.**  This insurance applies to "bodily injury" and "property damage" only if:

**(1)**  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**  The "bodily injury" or "property damage" occurs during the policy period;

**(3)**  Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II. Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

> (2)     *Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or*
>
> (3)     *Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.*
>
> e.     *Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".*

**Exhibit 1** and **Exhibit 2**, Commercial General Liability Coverage Form, Form CG 00 01 12 07, pp 1-2 of 16.

    24.     The Insurance Contract also sets forth certain exclusions from Coverage A, as follows:

> **2.     Exclusions**
>
> *This insurance does not apply to:*
>
> **a.     Expected or Intended Injury**
>
> *... "property damage" expected or intended from the standpoint of the insured...*
>
> **b.     Contractual Liability**
>
> *"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.*
>
> *This exclusion does not apply to liability for damages:*
>
> (1)     *That the insured would have in the absence of the contract or agreement; or*
>
> (2)     *Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary*

*litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:*

**(a)** *Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and*

**(b)** *Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.*

...

**j.** **Damage to Property**

*"Property damage" to:*

*(1)* *Property you own… including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention or injury to a person or damage to another's property; "your product" arising out of it or any part of it.*

...

**Exhibit 1** and **Exhibit 2**, Form CG 00 01 12 07, pp 2-4 of 16.

25.    The Commercial General Liability Coverage Form defines certain additional

terms that appear in Coverage A as follows:

*9.* *"Insured Contract" means:*

*...*

*f.* *That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the … "property damage" liability of another party to pay for … "property damage" to a third person or organization.  Tort liability means a*

> *liability that would be imposed by law in the absence of any contract or agreement.*
>
> *…*
>
> 13.  *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*
>
> *…*
>
> 17.  *"Property damage" means:*
>
> > (a)  *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
> >
> > (b)  *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. "Property damage" means "physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it…"*
>
> *…*

**Exhibit 1** and **Exhibit 2**, Form CG 00 01 12 07, pp. 13-15 of 16.

26.    The Insurance Contract states as follows, in relevant part, with respect to the insuring agreement between Harleysville and Tanya as to "Coverage B Personal and Advertising Injury Liability:"

> 1.  ***Insuring Agreement***
>
> > a.    *We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this*

*insurance does not apply. We may, at our sole discretion, investigate any offense and settle any claim or "suit" that may result. But:*

**(1)**   *The amount we will pay for damages is limited as described in Section III - Limits of Insurance; and*

**(2)**   *Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.*

*No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments -- Coverages A and B.*

**b**.   *This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.*

**Exhibit 1** and **Exhibit 2**, Form CG 00 01 12 07, pp. 13-15 of 16.

27.   The Commercial General Liability Coverage Form defines the term "Personal and advertising injury" as that term appears in Coverage  B as follows:

**14.**   *"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*

*...*
**c.**   *The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;*
*...*

**Exhibit 1** and **Exhibit 2,** Form No. CG 00 01 12 07, p. 14 of 16.

28.     The Insurance Contract also sets forth certain exclusions from Coverage B, as follows:

>    *2.*     ***Exclusions***
>
>    *This insurance does not apply to:*
>
>    *a.*     ***Knowing Violation Of Rights Of Another***
>
>    *"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".*
>
>    *...*
>
>    *d.*     ***Criminal Acts***
>
>    *"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.*
>
>    *e.*     ***Contractual Liability***
>
>    *"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.*
>
>    *f.*     ***Breach of Contract***
>
>    *"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".*

**Exhibit 1** and **Exhibit 2**, Form Number GC 00 01 12 07, pp. 6-7 of 16.

29.     The Insurance Contract includes certain conditions with which Tanya must comply:

>    *2.*     ***Duties In The Event Of Occurrence, Offense, Claim Or Suit***
>
>    *a.*     *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice*

> *should include:*
>
> *(1)   How, when and where the "occurrence" or an offense took place;*
>
> *(2)   The names and addresses of any injured persons and witnesses; and*
>
> *(3)   The nature and location of any injury or damage arising out of the "occurrence" or offense.*
>
> ...
>
> *d.   No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.*

**Exhibit 1** and **Exhibit 2**, Form CG 00 01 12 07, pp. 10-11 of 16.

30.    By enumerating certain provisions of the Insurance Contract, Harleysville does not waive any terms, conditions, limitations, exclusions, definitions or any other provisions of the Insurance Contract.  Harleysville reserves the right to assert any other specific provisions of the Insurance Contract to the extent they become relevant to any allegations in this Complaint for Declaratory Judgment.

31.    Harleysville files the instant Complaint for Declaratory Judgment asking this Court to declare that Harleysville has no duty under the Insurance Contract to defend and/or indemnify Tanya in connection with the Claim and/or the Underlying Action.

32.    Alternatively, Harleysville seeks a determination that to the extent it has any duty to defend or indemnify Tanya—which Harleysville denies—Harleysville's obligations are strictly limited to only those damages for which insurance benefits are provided by the Insurance Contract.

33.    An actual, immediate controversy exists between Harleysville and Tanya to

determine Harleysville's obligations under the Insurance Contract to defend and/or indemnify

Tanya for any liability Tanya might owe to Luvi and Pardo arising out of the Underlying Action.

## <u>FIRST REQUEST FOR DECLARATORY JUDGMENT</u>

**Harleysville Has No Duty Under the Insurance Contract To Defend Or Indemnify Tanya For Liability Arising Out Of the Claim and/or Underlying Action Because The Damages Alleged In The Underlying Action Do Not Meet the Insurance Contract Definitions of "Property Damage" Caused By An "Occurrence".**

34.     Harleysville restates the preceding and following allegations of this Complaint for

Declaratory Judgment as if fully set forth herein.

35.     The Insurance Contract requires Harleysville to indemnify Tanya for damages that

Tanya is legally obligated to pay because of "'property damage' [] caused by an

'occurrence'….**Exhibit 1,** Form CG 00 01 12 07, p. 1 of 16.

36.     The Insurance Contract defines "property damage," in relevant part, as "physical

injury to tangible property, including all resulting loss of use of that property.  All such loss of use

shall be deemed to occur at the time of the physical injury that caused it…" **Exhibit 1**, Form CG

00 01 12 04, p. 14-15 of 16.

37.     The Insurance Contract defines the term "occurrence" to mean an "accident,

including continuous or repeated exposure to substantially the same general harmful conditions."

**Exhibit 1**, Form CG 00 01 12 04, p. 14 of 16.

38.     The Claim, as reflected in the Underlying Action, alleges that Tanya is liable to

Luvi and Pardo arising out of an undisclosed defect in Tanya's Property – namely the leak in the

fuel delivery system that pre-existed the alleged Lease between Tanya and Luvi/Pardo.

39.     Damages incurred to replace an insured's defective product do not satisfy the

definition of an "occurrence" as that term is used and defined in the Insurance Contract. <u>Travelers</u>

Indem. Co. of Am. v. Miller Bldg. Corp., 142 Fed. Appx. 147, 148-49 (4th Cir. 2005); Hotel Roanoke Conf. Ctr. Comm'n v. Builders Mutual Ins. Co., 303 F. Supp. 2d 784, 786-87 (W.D. Va. 2004) (defining "occurrence" to exclude defective work or product).

40.     Damages incurred to replace an insured's defective product do not satisfy the definition of "property damage" as that term is used and defined in the Insurance Contract. Whitaker v. Nationwide Mut. Fire Ins. Co., 115 F. Supp. 2d 612, 616 (E.D. Va. 1999) (defining "direct physical loss" to exclude cost to replace defective workmanship).

41.     The alleged defects in the fuel delivery system do not arise out of, and do not qualify as, an "accident" under the Insurance Contract and therefore does not satisfy the definition of an "occurrence" as recited in Insurance Contract.

42.     The duty allegedly breached by Tanya—to the extent it exists—arises solely by virtue of the agreement between Tanya and Luvi and Pardo, and not from any common law source, and cannot give rise to an "accident," and therefore cannot give rise to an "occurrence." *See, e.g.*, *Richmond Metro. Auth. v. McDevitt St. Bovis*, 256 Va. 553, 507 S.E.2d 344 (1998).

43.     A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that Harleysville may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

44.     Accordingly, Harleysville seeks a declaration from this Court that Harleysville has no duty to defend and/or indemnify Tanya, or anyone else, for any liability or damages related to the Underlying Action on the grounds and to the extent that the damages sought are alleged to have been related to the failure to reveal and/or the removal and replacement of the defective fuel delivery system, and/or arise out of Tanya's alleged breach of contract, which damages do not give

rise to an "occurrence" under Virginia law, and therefore cannot give rise to a covered loss under the Insurance Contract.

## SECOND REQUEST FOR DECLARATORY JUDGMENT

**The Insurance Contract Does Not Provide Coverage for Tanya's Insurance Claim
Because the Property Damage Alleged in the Underlying Action
Was Expected or Intended from Tanya's Position.**

45.    Harleysville restates the allegations in the preceding and following paragraphs of this Complaint for Declaratory Judgment as if fully set forth herein.

46.    Under Virginia law, "damages resulting from the insured's defective performance of a contract and limited to the insured's work or product is not covered by a commercial general liability policy because it is 'expected' from the standpoint of the insured." *Hotel Roanoke Conf. Ctr. Comm'n v. Cincinnati Ins. Co.*, 303 F. Supp. 2d 784, 787 (W.D. Va. 2004).

47.    The Underlying Action alleges that Tanya is liable to Luvi and Pardo arising out of the defective fuel delivery system at Tanya's Property, and Tanya's failure to disclose that defect.

48.    Accordingly, under Virginia law, all damages alleged in the Underlying Action were expected or intended from Tanya's standpoint.

49.    The Insurance Contract excludes coverage for all damages alleged in the Underlying Action on the grounds that such damages were expected or intended from the standpoint of Tanya.  **Exhibit 1,** Form CG 00 01 12 07, p. 2 of 16.

50.    A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that Harleysville may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

51.     Accordingly, Harleysville seeks a declaration from this Court that Harleysville has no duty to defend and/or indemnify Tanya, or anyone else, for any liability or damages related to the Underlying Action on the grounds and to the extent that the damages sought are for damages "expected or intended" from Tanya's standpoint, which damages are specifically excluded under the Insurance Contract.

## THIRD REQUEST FOR DECLARATORY JUDGMENT

**The Insurance Contract Does Not Provide Coverage for Tanya's Insurance Claim Because the Liability for Damages Alleged in the Underlying Action Was Assumed by Tanya In The Lease Agreement with Luvi and Pardo.**

52.     Harleysville restates the allegations in the preceding and following paragraphs of this Complaint for Declaratory Judgment as if fully set forth herein.

53.     The Insurance Contract excludes indemnification for "'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." **Exhibit 1**, Form CG 00 01 12 07, p. 2 of 16

54.     The Underlying Action alleges that Tanya is liable to Luvi and Pardo arising out of misrepresentations made about the Property in the Lease Agreement between them.

55.     The duties allegedly breached by Tanya – to the extent they exist – arise solely by virtue of the contract or contracts between Tanya and Luvi and Pardo, and not from any common law source. *See, e.g.*, *Richmond Metro. Auth. v. McDevitt St. Bovis*, 256 Va. 553, 507 S.E.2d 344 (1998).

56.     A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that Harleysville may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

57.     Accordingly, Harleysville seeks a declaration from this Court that Harleysville has no duty to defend and/or indemnify Tanya, or anyone else, for any liability or damages related to the Underlying Action on the grounds and to the extent that the damages sought arise out of liability Tanya assumed in its contract or contracts with Luvi and Pardo, which damages are specifically excluded under the Insurance Contract.

### FOURTH REQUEST FOR DECLARATORY JUDGMENT

**The Insurance Contract Does Not Provide Coverage for the Damages Alleged in the Claim and/or Underlying Action Because the Damages Are Excluded Under the Exclusions for "Damage to Your Property" Owned  by Tanya**

58.     Harleysville restates the allegations in the preceding paragraphs of this Complaint for Declaratory Judgment as if fully set forth herein.

59.     The Insurance Contract does not provide coverage for the damages alleged in the Underlying Action because all such damages relate to "property damage" to property owned by Tanya and leased to Luvi and Pardo, and may include "any costs or expenses incurred by [Tanya], or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention or injury to a person or damage to another's property."  **Exhibit 1** and **Exhibit 2**, Form CG 00 01 12 07, Exclusion **j(1)**, Damage to Property, p. 4 of 16.

60.     A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that Harleysville may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

61.     Accordingly, Harleysville seeks a declaration from this Court that Harleysville has no duty to defend and/or indemnify Tanya, or anyone else, for any liability or damages related to

Underlying Action on the grounds and to the extent that the damages sought are specifically excluded as damage to property owned by Tanya and arising out of such property.

## FIFTH REQUEST FOR DECLARATORY JUDGMENT
**The Insurance Contract Does Not Apply to the Damages Alleged in the Underlying Action Because The Complaint Does Not Allege Damages That Satisfy the Insurance Contract Definition of "Personal And Advertising Injury."**

62.     Harleysville restates the allegations in the preceding and following paragraphs of this Complaint for Declaratory Judgment as if fully set forth herein.

63.     The Insurance Contract defines the term "personal and advertising injury" to include, in part, "the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor."  **Exhibit 1** and **Exhibit 2,** Form CG 00 01 12 07, p. 11 of 16.

64.     The Underlying Action does not contain allegations that would give rise to an obligation on the part of Harleysville to defend or indemnify Tanya under the "personal and advertising injury" definition.

65.     Accordingly, Harleysville has no obligation to defend or indemnify Tanya for damages alleged in the Underlying Action.

66.     A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that Harleysville may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

67.     Accordingly, Harleysville seeks a declaration from this Court that Harleysville has no duty to defend and/or indemnify Tanya, or anyone else, for any liability or damages related to the Underlying Action on the grounds that the Underlying Complaint does not contain any allegations that satisfy the Insurance Contract definition of "personal and advertising injury."

## SIXTH REQUEST FOR DECLARATORY JUDGMENT
**The Insurance Contract Does Not Apply to the Damages Alleged in the Underlying Action Because The Damages Are Excluded From Coverage B – Personal and Advertising Injury.**

68.      Harleysville restates the allegations in the preceding and following paragraphs of this Complaint for Declaratory Judgment as if fully set forth herein.

69.      Even if this Court finds that the Underlying Action alleges actions that could meet the Insurance Contract definition of "Personal and Advertising Injury," the Insurance Contract excludes coverage for damages under Coverage B – Personal and Advertising Injury "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."  **Exhibit 1** and **Exhibit 2**, Form No. CG 00 01 12 07, p. 6 of 16.

70.      The Underlying Complaint alleged that Tanya knowingly violated the rights of Luvi and Pardo under the Lease Agreement.

71.      The Insurance Contract excludes coverage for damages under Coverage B – Personal and Advertising Injury "arising out of a criminal act committed by or at the direction of the insured."  **Exhibit 1** and **Exhibit 2**, Form No. CG 00 01 12 07, p. 6 of 16.

72.      The Underlying Action alleged that Tanya committed fraud, a criminal act.

73.      The Insurance Contract excludes coverage for damages under Coverage B – Personal and Advertising Injury "for which the insured has assumed liability in a contract or agreement.  This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement."  **Exhibit 1** and **Exhibit 2**, Form No. CG 00 01 12 07, p. 6 of 16.

74.      The Underlying Complaint alleges that the damages complained of by Luvi and Pardo arose out of the Lease Agreement with Tanya.

75.     The Insurance Contract excludes coverage for damages under Coverage B – Personal and Advertising Injury "arising out of a breach of contract…" **Exhibit 1** and **Exhibit 2**, Form No. CG 00 01 12 07, p. 6 of 16.

76.     The Underlying Action alleges that the damages complained of by Luvi and Pardo arose out of Tanya's breach of contract.

77.      A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that Harleysville may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

78.     Accordingly, Harleysville seeks a declaration from this Court that Harleysville has no duty to defend and/or indemnify Tanya, or anyone else, for any liability or damages related to the Underlying Action on the grounds and to the extent that any damages alleged in the Underlying Action are excluded from Coverage B – Personal and Advertising Liability.

<u>**SEVENTH REQUEST FOR DECLARATORY JUDGMENT**</u>
**The Insurance Contract Does Not Apply to the Damages Alleged in the Underlying Action Because Tanya Has Failed To Comply With The Duties In The Event Of Occurrence, Offense, Claim Or Suit.**

79.     Harleysville restates the allegations in the preceding and following paragraphs of this Complaint for Declaratory Judgment as if fully set forth herein.

80.     The Insurance Contract states that "No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.  **Exhibit 1**, Form CG 00 01 12 07, p. 11 of 16.

81.     The Insurance Contract states that "You must see to it that we are notified as soon as practicable of an 'occurrence' … which may result in a claim…."  **Exhibit 1**, Form CG 00 01 12 07, pp. 10-11 of 16.

82.     The Underlying Action alleges that Tanya is liable to Luvi and Pardo arising out of actions that occurred between March 2021, when the Lease Agreement is alleged to have been entered, and February 2022.

83.     Tanya did not provide notice to Harleysville of the events alleged in the Complaint until April 25, 2022.

84.     Tanya engaged its own counsel and filed responsive pleadings to the Underlying Complaint before Tanya notified Harleysville of the Underlying Action.

85.     Tanya's voluntary engagement of counsel to respond to the Underlying Action occurred prior to the date upon which Tanya notified Harleysville of the Underlying Action.

86.     Harleysville has no obligation to defend or indemnify Tanya on the grounds and to the extent that Tanya has violated its Duties under the Insurance Contract.

87.     A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that Harleysville may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

88.     Accordingly, Harleysville seeks a declaration from this Court that Harleysville has no duty to defend and/or indemnify Tanya, or anyone else, for any liability or damages related to the Underlying Action on the grounds and to the extent that Tanya made or promised voluntary payments to Luvi and Pardo in connection with the Underlying Action and, thus, failed to comply with a condition precedent to coverage under the Insurance Contract.


**<u>RESERVATION</u>**

89.     Harleysville reserves all of its rights under the Insurance Contract and applicable law.  By seeking a declaratory judgment based on the foregoing provisions of the Insurance

Contract, Harleysville does not waive any potential coverage defenses pursuant to any terms, conditions, limitations, exclusions, definitions, or any other provision of the Insurance Contract. Developments in connection with this Complaint for Declaratory Judgment, the Underlying Action, and/or Tanya's right and obligations, may render additional defenses to coverage ripe for judicial determination.

90.    Harleysville reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## PRAYER FOR RELIEF

WHEREFORE, Harleysville respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Insurance Contract, including, but not limited to, the following:

A.    That Harleysville has no duty under the Insurance Contract to defend or indemnify Tanya in connection with the Underlying Action on the grounds and to the extent that the events alleged in the Underlying Action do not constitute damages caused by an "occurrence" within the meaning of the Insurance Contract and Virginia law;

B.    That Harleysville has no duty under the Insurance Contract to defend or indemnify Tanya in connection with the Underlying Action on the grounds and to the extent that the events alleged in the Underlying Action do not constitute a claim for "property damage" within the meaning of the Insurance Contract;

C.    That Harleysville has no duty under the Insurance Contract to defend or indemnify Tanya in connection with the Underlying Action on the grounds and to the extent that any damages arising from the events alleged in the Underlying Action are

excluded pursuant to Exclusion 2.a. – Expected or Intended Injury within the meaning of the Insurance Contract and Virginia law;

D.    That Harleysville has no duty under the Insurance Contract to defend or indemnify Tanya in connection with the Underlying Action on the grounds and to the extent that any damages arising from the events alleged in the Underlying Action are excluded pursuant to Exclusion 2.b. – Contractual Liability within the meaning of the Insurance Contract and Virginia law;

E.    That, even if this Court finds that the damages alleged in the Underlying Action meet the definition of "property damage" in the Insurance Contract, that Harleysville has no duty under the Insurance Contract to defend or indemnify Tanya in connection with the Underlying Action on the grounds and to the extent that any damages arising from the events alleged in the Underlying Action are excluded pursuant to Exclusion 2.j(1) – Damage To Property owned by Tanya;

F.    That Harleysville has no duty under the Insurance Contract to defend or indemnify Tanya in connection with the Underlying Action on the grounds and to the extent that any damages arising from the events alleged in the Underlying Action do not constitute a claim for "personal and advertising injury" within the meaning of the Insurance Contract and Virginia law;

G.    That even if the Underlying Action alleges "personal and advertising injury," Harleysville has no duty under the Insurance Contract to defend or indemnify Tanya in connection with the Underlying Action on the grounds and to the extent that any damages arising from the events alleged in the Underlying Action are

excluded from Coverage B – exclusions 2(a, d, e, or f) as: knowing violations of rights of another; criminal acts; contractual liability; and/or breach of contract;

H.      That the damages alleged in the Underlying Action are excluded on the grounds that Tanya has failed to comply with its Duties In The Event Of Occurrence, Offense, Claim Or Suit under the Insurance Contracts by failing to provide timely notice;

I.      That the damages alleged in the Claim and/or the Underlying Action are excluded on the grounds that Tanya has failed to comply with its Duties In The Event Of Occurrence, Offense, Claim Or Suit under the Insurance Contracts by making voluntary payments, assuming obligations, and/or incurring expenses, without the consent of Harleysville;

J.      That Harleysville has no duty under the Insurance Contract to indemnify Tanya or anyone else for any damages that might be awarded in the Underlying Action in connection with the costs incurred to repair or replace the defective fuel delivery system;

K.      That the Insurance Contract does not provide coverage for any claims or damages arising out of the Underlying Action whether by settlement, judicial award, or otherwise; and

L.      That this Court provide such further and supplemental relief as it deems necessary and proper, including but not limited to, an award of costs in favor of Harleysville and National Trust.


Done this 25th day of August, 2022.

Respectfully submitted,

HARLEYSVILE WORCESTER
INSURANCE COMPANY

BY MIDKIFF, MUNCIE & ROSS, P.C.

By: /s/ Diane U. Montgomery

Diane U. Montgomery, Esq. (VSB No. 31850)
Robert Tayloe Ross, Esq. (VSB No. 29614)
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, VA  23236
(804) 560-9600 (phone)
(804) 560-5997 (fax)
E-mail:        dmontgomery@midkifflaw.com
               rross@midkifflaw.com
*Counsel for Harleysville Insurance Company*