UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HARLEYSVILLE WORCESTER
INSURANCE COMPANY,

    Plaintiff,

v.                                Civil Action No. 3:22-cv-594

TANYA INVESTMENTS, LLC,

    Defendant.

## MEMORANDUM ORDER

This matter is before the Court on the PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (ECF No. 10), which follows the ENTRY OF DEFAULT (ECF No. 9). The Court has reviewed the COMPLAINT FOR DECLARATORY JUDGMENT (ECF No. 1), the PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (ECF No. 10) and the supporting memorandum, and the related exhibits. Having considered those documents and having taken into account the facts that the defendant, Tanya Investments, LLC ("Tanya"): (1) has been properly served with the COMPLAINT FOR DECLARATORY JUDGMENT (the "COMPLAINT") (ECF No. 1); and (2) has not answered, and thereby has not denied that the allegations of the COMPLAINT are correct; and (3) has not responded to the PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (ECF No. 10) after having been served with a copy thereof (ECF No. 11 at 30), thereby conceding the facts therein asserted and the

contentions of law therein made, it is ORDERED that the PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (ECF No. 10) is GRANTED for the following reasons:

(1) Harleysville Worcester Insurance Company ("Harleysville") seeks a declaration that it has no duty to defend or indemnify its insured, Tanya, in an underlying action filed by underlying plaintiffs Luvi Stations, Inc. ("Luvi") and Saul Vidal Pardo ("Pardo") in the Circuit Court for the County of Henrico, Virginia, Case No. CL22cv2391 (the "Underlying Action") (ECF No. 1-3); and

(2) Harleysville issued to Tanya a contract of commercial insurance bearing policy number SPP0000008540BJ, effective from October 1, 2020, through October 1, 2021, and renewed for the policy period from October 1, 2021, through October 1, 2022 (collectively the "Insurance Contract") (ECF Nos. 1-1 and 1-2); and

(3) Tanya sought a defense and potential indemnification of the Underlying Action from Harleysville pursuant to the Insurance Contract; and Harleysville is presently defending Tanya in the Underlying Action under a complete Reservation of Rights; and

(4) Under Virginia law, the determination of whether there is an obligation to defend the Underlying Action is governed by the so-called "eight corners' rule" pursuant to which "only the allegations in the complaint [in the Underlying Action] and the provisions of the insurance policy are to be considered in deciding

2

whether there is a duty on the part of the insurer to defend and indemnify the insured." AES Corp. v. Steadfast Ins. Co., 725 S.E.2d 532, 535 (Va. 2012).

(5) Under the "eight corners' rule," "an insurer's duty to defend . . . is broader than [the] obligation to pay, and arises whenever the complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy." VEPCO v. Northbrook Prop. & Cas. Ins. Co., 475 S.E.2d 264, 265-66 (Va. 1996). However, "if it appears clearly that the insurer would not be liable under its [insurance] contract for any judgment based upon the allegations, it has no duty even to defend." AES, 725 S.E.2d at 535-36. See also Liberty Univ., Inc. v. Citizens Ins. Co. of Am., 792 F.3d 520, 528 (4th Cir. 2015) (quoting AES); CACI Int'l Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 155 (4th Cir. 2009) (holding that the underlying complaint must allege some facts on which the insurer would be liable to implicate insurer's duty to defend); and

(6) The complaint in the Underlying Action (ECF No. 1-3) and the relevant Insurance Contract (ECF Nos. 1-1 and 1-2) are Exhibits to the COMPLAINT (ECF No. 1). Hence, all of the relevant documents necessary for application of the "eight corners' rule" are before the Court; and

(7) Having considered the allegations of the Underlying Action and compared those allegations to the terms, conditions,

3

limitations, exclusions, definitions and other provisions of the Insurance Contract in this case, the Court finds that the Underlying Action does not allege any facts that, if proven, would give rise to coverage under any provision of the Insurance Contract. Accordingly, it is further ORDERED that:

    (a) Harleysville has no duty under the Insurance Contract to defend or indemnify Tanya in connection with the Underlying Action because the events alleged in the Underlying Action do not constitute damages caused by an "occurrence" within the meaning of the Insurance Contract and Virginia law; and

    (b) Harleysville has no duty under the Insurance Contract to defend or indemnify Tanya in connection with the Underlying Action because the events alleged in the Underlying Action do not constitute a claim for "property damage" within the meaning of the Insurance Contract; and

    (c) The Underlying Action does not allege any "bodily injury" within the meaning of the Insurance Contract; and

    (d) Harleysville has no duty under the Insurance Contract to defend or indemnify Tanya in connection with the Underlying Action because any damages arising from the events alleged in the Underlying Action are excluded

pursuant to Exclusion 2.a. - Expected or Intended Injury within the meaning of the Insurance Contract and Virginia law; and

(e) Harleysville has no duty under the Insurance Contract to defend or indemnify Tanya in connection with the Underlying Action because any damages arising from the events alleged in the Underlying Action are excluded pursuant to Exclusion 2.b. - Contractual Liability within the meaning of the Insurance Contract and Virginia law; and

(f) Harleysville has no duty under the Insurance Contract to defend or indemnify Tanya in connection with the Underlying Action because any damages arising from the events alleged in the Underlying Action do not constitute a claim for "personal and advertising injury" within the meaning of the Insurance Contract and Virginia law; and

(g) Even if the Underlying Action is construed to allege "personal and advertising injury," Harleysville has no duty under the Insurance Contract to defend or indemnify Tanya in connection with the Underlying Action because any damages arising from the events alleged in the Underlying Action are excluded from Coverage B - exclusions 2(a, e, or f) for the reason that the

5

complaint in the Underlying Action alleges knowing violations of rights of another; contractual liability; and/or breach of contract; and

(h) The damages alleged in the Underlying Action are excluded on the grounds that Tanya has failed to comply with its Duties In The Event Of Occurrence, Offense, Claim Or Suit under the Insurance Contracts by failing to provide timely notice; and

(i) Harleysville has no duty under the Insurance Contract to indemnify Tanya for any damages that might be awarded in the Underlying Action in connection with the costs incurred to repair or replace the allegedly defective fuel delivery system.

It is so ORDERED.

/s/  REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 23, 2023